IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL DESIGN CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 11 C 6243 |
| | ) | |
| DEAN KOSTAN, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Defendant Dean Kostan is a former employee of Plaintiff Digital Design Corporation ("Digital Design"). (Dkt. No. 43 ("Second Am. Compl.") ¶¶ 8, 27.) While Kostan was employed at Digital Design, he created a computer program titled "InVision." (*Id.* ¶ 17.) Since Kostan left his employment, Kostan and Digital Design have disputed the ownership of, and right to a copyright in, the InVision software. (*Id.* ¶ 28-32.) In this lawsuit, Digital Design seeks a declaratory judgment that it owns InVision (Count I) and damages for violation of its copyright in InVision (Count II). (*Id.* ¶¶ 33-43.) In response, Kostan has brought a counterclaim against Digital Design for copyright infringement. (Dkt. No. 45.)

Digital Design now seeks sanctions against Kostan for violating his duty to preserve material evidence after both parties anticipated litigation about the ownership of InVision. Specifically, Digital Design accuses Kostan of deleting the copy of the InVision software that was on his personal computer sometime during April 15-17, 2011. (Dkt. No. 48.) That copy of the software is particularly relevant (beyond the relevance of other copies of InVision available to Digital Design) because it may include metadata indicating when and where Kostan worked on the software,

evidence relevant to the question of ownership. Kostan does not dispute that he deleted the files, but he notes in his response that both parties in this case performed a forensic scan of the relevant computer in June of 2011, and that the "deleted" files remained on the computer. (Dkt. No. 51, at 4.) In addition, Kostan represents that "[a]ll of the information should be recoverable." (*Id.*)

In its reply, Digital Design argues that the recovered files are "inaccessible in this lawsuit" because the forensic scan was part of discovery in a state court case between Digital Design and Kostan, and because there is a protective order in that state court case preventing Kostan from sharing the files with Digital Design. Digital Design does not provide any detail about the terms of the protective order, but in any case, that problem is easily solved: The court hereby orders Kostan to waive any protections of the protective order in the state court case that may prevent him from turning over the InVision-related files that were "deleted" from his personal computer.

Digital Design also speculates that the "deleted" files may not be recoverable to its satisfaction, but the parties cannot know until they try. Moreover there is no point to proceeding with a motion for sanctions for spoliation until the parties have determined if any information was actually lost. Accordingly, Digital Design's motion for sanctions (Dkt. No. 48) is denied without prejudice. The court orders Kostan to produce to Digital Design by January 11, 2013, all of the InVision-related files that he is able to recover from the forensic scan of his personal computer. Kostan shall bear any cost associated with recovering the files.

                                              ENTER:

                                              _____
                                              JAMES F. HOLDERMAN
                                              Chief Judge, United States District Court

Date: December 7, 2012