IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL DESIGN CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 11 C 6243 |
| | ) | |
| DEAN KOSTAN, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

For the reasons set forth in the Statement section of this order, the parties' "Joint Motion for Entry of Consent Judgment" [67] is denied for lack of jurisdiction.

Statement

On June 14, 2013, the parties in the case filed a "Stipulation of Dismissal" stating:

> Pursuant to Fed. R. Civ. P. 41, the Parties hereby stipulate to the dismissal of all claims and counterclaims in the above-captioned matter, with prejudice. Each party to bear its own costs and attorneys' fees. This Court shall retain jurisdiction over enforcement of the Settlement Agreement and Consent Judgment.

(Dkt. No. 63.) The Stipulation of Dismissal did not include a copy of the settlement agreement, nor did it include a copy of any proposed consent judgment. That same day, on June 14, 2013, the court entered an order stating:

> Parties' motion to dismiss/stipulation of dismissal [63] is granted. All previously set dates are stricken. Civil case terminated.

(Dkt. No. 65.)

Over fifteen weeks later, on October 3, 2013, the parties filed a "Joint Motion for Entry of Consent Judgment" (Dkt. No. 67), with a proposed "Consent Judgment" attached. The Seventh Circuit more than half a decade ago stated that when a case is dismissed with prejudice, the case is "gone" and the district court may not further adjudicate the dismissed claims. *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007).

```
```

Although the court granted the parties' Stipulation of Dismissal, which included a reference to "retain[ing] jurisdiction over the enforcement of the Settlement Agreement and Consent Judgment," (Dkt. No. 63), the Seventh Circuit has stated that such a statement is insufficient to confer jurisdiction after the dismissal of a case with prejudice. *Id.* at 809 ("[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction.").

Consequently, under Seventh Circuit law which this court is required to follow, this court no longer has jurisdiction to enter the parties' proposed "Consent Judgment." If the parties wanted the court to retain jurisdiction, they should have asked the court in their June 2013 "Stipulation of Dismissal" (Dkt. No. 63), to dismiss without prejudice. *See id.* at 810. Alternatively, the parties could have requested a consent judgment prior to the dismissal with prejudice, but did not. Under Seventh Circuit law, it is simply too late now. The parties' Joint Motion for Entry of Consent Judgment must be and is denied for lack of jurisdiction.

ENTER:

                                                                                     _____
                                                                                     JAMES F. HOLDERMAN

Date: October 7, 2013                             United States District Judge